12-4220
Wu v. Holder

BIA
Wright, IJ
A087 638 548

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fourteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　SUSAN L. CARNEY,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges.*

_____

GUIYOU WU,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　12-4220
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Thomas V. Massucci, New York, New York.

FOR RESPONDENT:　　　　Stuart F. Delery, Acting Assistant Attorney General; William C. Peachey, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Guiyou Wu, a native and citizen of the People's Republic of China, seeks review of an October 9, 2012 decision of the BIA affirming the April 7, 2011 decision of Immigration Judge ("IJ") Virna A. Wright, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Guiyou Wu*, No. A087 638 548 (B.I.A. Oct. 9, 2012), *aff'g* No. A087 638 548 (Immig. Ct. N.Y. City April 7, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA, including the portions not explicitly discussed by the BIA.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  For applications such as Wu's, governed by the

2

amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, while the IJ's decision is flawed in some respects, the adverse credibility determination is nevertheless supported by substantial evidence. The IJ rested her negative credibility finding on the following inconsistencies and omissions: (1) Wu's testimony that a staff meeting during which he delivered a speech against his corrupt employers was organized by his work unit's leadership and the city, although in his application he did not mention the city's involvement; (2) Wu's failure to

3

testify during direct examination that (a) in addition to slapping his face, his interrogators kicked him, and that (b) the police required him to report periodically after his release from detention; and (3) Wu's omission from his asylum application of any mention of the sign posted by his employers giving notice that he had been fired, or of the attacks he suffered at the hands of fellow detainees.

Regarding the staff meeting, Wu consistently identified his employer as state-owned and asserted that his anti-corruption speech attacked both his leaders and, more broadly, the corruption in China's Communist Party. Therefore, his testimony that the meeting was called by his work unit and the unit's related governmental bureau is consistent with his application's statement that the factory leaders called the meeting. Moreover, given Wu's repeated testimony that he was fired by his employer in retaliation for his speech and that his employer always posted a notice of termination, the IJ may have unreasonably rejected Wu's explanation for omitting mention of that notice—that it was a redundant detail. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

4

Nevertheless, the IJ's adverse credibility determination is sufficiently supported by the remaining omissions. Despite Wu's arguments that the IJ should not have relied on those omissions because (according to Wu) they were minor and immaterial to his claim for relief, the IJ may consider *any* omissions, material or not, *see Xiu Xia Lin,* 534 F.3d at 167, and is not required to accept explanations for those omissions unless a reasonable fact finder would be compelled to do so, *see Majidi*, 430 F.3d at 80-81. Moreover, the IJ was entitled to rely on the cumulative effect of the omissions. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Ultimately, the totality of the circumstances supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the strength of the only evidence of a threat to Wu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes Wu's success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's

motion for a stay of removal in this petition is DISMISSED as moot and his pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk